25-12401-pb   Doc 14-3   Filed 12/17/25   Entered 12/17/25 14:56:56   Exhibit C -
June 24   2025 Order   Pg 1 of 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| MARY DJURASEVIC,<br><br>      Plaintiff,<br><br>  -against-<br><br>MARCY ELLIN BOUCHER a/k/a MARCY ELLEN BOUCHER a/k/a MARCY F. BOUCHER a/k/a MARCY BOUCHER, IC BUSINESS MANAGEMENT, LLC a/k/a I.C. BUSINESS MANAGEMENT LLC, CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK STATE DEPARTMENT AND TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE,<br><br>      Defendants. | Index No. 850003/2024<br><br>**NOTICE OF ENTRY**<br><br>Mot Seq. 3 |

**PLEASE TAKE NOTICE,** that the within is a true and correct copy of the Decision and

Order on Motion of the Supreme Court, in and for New York County, Justice Francis A. Kahn III

presiding, dated June 24, 2025, which was entered in the New York County Clerk's Office on June

25, 2025 [NYSCEF Doc. No. 98].

Dated: New York, New York
   June 26, 2025

         **MORRISON COHEN LLP**

      By: _____

        Christopher Milito
        Joaquin Ezcurra
        909 Third Avenue
        New York, New York 10022
        (212) 735-8600
        *Attorneys for Plaintiff*

#13867819v1\028248\0001

cc:     All Counsel of Record (via NYSCEF)

       Jeffrey Miller, Esq.
       32 Broadway
       13th Floor
       New York, New York 10004

       New York State Department of Taxation and Finance
       Attn: Office of Counsel
       Bldg. 9, WA Harriman Campus
       Albany, New York

       New York City Department Of Finance
       100 Church Street
       New York, New York  10007

#13867819v1\028248\0001

25-12401-pb    Doc 14-3    Filed 12/17/25    Entered 12/17/25 14:56:56    Exhibit C -
June 24    2025 Order    Pg 3 of 6

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. FRANCIS A. KAHN, III**

*Justice*

-------------------------------------------------------------------X

MARY DJURASEVIC,

Plaintiff,

- V -

MARCY ELLIN BOUCHER, IC BUSINESS MANAGEMENT, LLC,CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE,

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **PART** | **32** |
| **INDEX NO.** | 850003/2024 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97

were read on this motion to/for         VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, the motion is determined as follows:

In this action, commenced on January 5, 2024, Plaintiff seeks to foreclose on a series of mortgages, the first of which was given in 1999, encumbering commercial real property located at 406 West 25th Street, New York, New York. The notes and mortgages at issue were created, extended and additional funds loaned in multiple transactions over the course of the next fourteen years.

An initial mortgage (Mortgage #1), dated September 3, 1999, was given by Defendant Marcy Ellin Boucher ("Boucher") to Stanley Walker ("Walker") to secure a loan of $280,000.00. The indebtedness was memorialized by a mortgage note of the same date with annual interest only installments and a seven [7] year maturity. By a mortgage note dated August 31, 2006, repayment of this indebtedness was extended one year. Another mortgage (Mortgage #2) on the property, dated April 16, 2009, securing a loan of $499,900.00, was given by Defendant IC Business Management, LLC ("Business") to Walker and was executed by Boucher as Member of Business. On the same date, Boucher deeded her entire interest in the premises to Business. The new indebtedness was memorialized by a mortgage note of the same date with annual interest only installments and a three [3] year and one month maturity. This note was also executed by Boucher as Member of Business.

By loan agreement dated December 13, 2010, Walker and Business agreed *inter alia* that Walker would loan an additional $400,100.00 to Business, that a note evidencing this indebtedness would be given by Business secured by another mortgage (Mortgage #3) and Business assumed liability for the $280,000.00 indebtedness. Further, the parties agreed that maturity date of all the notes would be May 17, 2014, and mortgage notes evidencing same were executed by Business. By loan agreement dated April 15, 2013, Walker and Business agreed *inter alia* that Walker would loan an additional

**850003/2024  MARY DJURASEVIC vs. MARCY ELLIN BOUCHER ET AL**
**Motion No. 003**

25-12401-pb    Doc 14-3    Filed 12/17/25    Entered 12/17/25 14:56:56    Exhibit C -
June 24    2025 Order    Pg 4 of 6

$499,900.00 to Business and that a note evidencing this indebtedness and accrued interest on the earlier loans of $144,906.00 would be executed. A fourth mortgage (Mortgage #4), dated April 15, 2013, securing an indebtedness totaling $644,800.00 was also given by Business to Walker. The agreement provided a maturity date of all the existing loans of May 16, 2016. Strangely, the notes provided for both a term of three [3] years and one month, and a maturity date of May 17, 2014, subject to extension.

After suffering a stroke, Walker, by document dated June 12, 2015, created an *inter vivos* trust and nominated Plaintiff, Mary Djurasevic ("Djurasevic"), as trustee and designated himself as beneficiary. Upon his death, after payment of estate liabilities, Walker designated Djurasevic as remainderman. On the same date, Walker assigned all his interest in the April 15, 2013, notes and mortgages to the trust and executed a will nominating Djurasevic as executor. Walker died on September 11, 2015, survived by a sister Janet Mecca ("Mecca"). Walker's will was admitted to probate by Decree dated March 16, 2016 based upon the petition of Djurasevic and a waiver of citation executed by Mecca. The petition by Mecca to set aside Walker's trust and rescind her waiver of citation was dismissed upon motion of Djurasevic.

Prior to this action, Plaintiff commenced two other proceedings to foreclose its lien. The first was dismissed for lack of standing (*see Djurasevic v Boucher*, NY Cty Index No 850143/2018; NYSCEF Doc No 266). The second action was voluntarily discontinued by stipulation of the parties after denial of Plaintiff's motion for summary judgment (*see Djurasevic v Boucher*, NY Cty Index No 850186/2020; NYSCEF Doc Nos 136 and 138). In this action, Defendants Boucher and Business defaulted in appearing. Plaintiff's motions for a default judgment and an order of reference as well as its motion for issuance of a judgment of foreclosure and sale were granted without opposition. The judgment was entered on February 6, 2025, and a sale is scheduled for June 25, 2025.

Now, Defendants move, by order to show cause, to vacate the judgment of foreclosure and sale and their defaults in appearing. Plaintiff opposes the motion. Generally, to vacate a default in appearing or answering, a party is required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the motion (*see* CPLR §5015[a][1]; *Karimian v Karlin*, 173 AD3d 614 [1st Dept 2019]; *Needleman v Chaim Tornhein*, 106 AD3d 707 [2d Dept 2013]). However, a defendant is not required to meet these requisites if there is a lack of jurisdiction (*see* CPLR §5015[a][4]; *Avis Rent a Car Sys., LLC v Scaramellino*, 161 AD3d 572 [1st Dept 2018]). A court is required to resolve any jurisdictional issue before considering whether to grant a discretionary vacatur of a default (*see eg Caba v Rai*, 63 AD3d 578, 581, n.1 [1st Dept 2009]; *Kondaur Capital Corp. v McAuliffe*, 156 AD3d 778, 779 [2d Dept 2017]).

Ordinarily, "[a] process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (*Bethpage Fed. Credit Union v Grant*, 178 AD3d 997, 997 [2d Dept 2019]). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (*Deutsche Bank Natl. Trust Co. v Kenol*, 205 AD3d 1004 [2d Dept 2022]; *see also Bank of Am., N.A. v Diaz*, 160 AD3d 457, 458 [1st Dept 2018]; *NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz*, 7 AD3d 459, 460 [1st Dept 2004]).

Here, as to Boucher, Plaintiff filed an affidavit, dated February 28, 2024, in which the process server attested that service of the summons and complaint and other documents was made on Boucher by personal delivery at 2 Clara Ct, Cortlandt Manor, New York. The affidavit also contained an alleged physical description of Boucher as female with white skin and black hair, aged 70s who was five feet

**850003/2024  MARY DJURASEVIC vs. MARCY ELLIN BOUCHER ET AL**                    Page 2 of 4
**Motion No.  003**

2 of 4

five inches in height and weighed 130-140 lbs. This constitutes prima facie proof of service on Boucher pursuant to CPLR §308[1] (*see HSBC Bank USA v Archer*, 173 AD3d 984, 985 [2d Dept 2019]).

In support of the motion, Boucher submitted an affidavit wherein she claimed the service never happened. Boucher also claimed the process server's description of the recipient was distinct from her appearance. Boucher's denial of in hand receipt of the pleadings is conclusory and insufficient to defeat the process server's affidavit (*see Bethpage Fed. Credit Union v Grant*, 178 AD3d 997, 997 [2d Dept 2019]; *see also Wells Fargo Bank, NA v Spaulding*, 177 AD3d 817, 819 [2d Dept 2019]; *NYCTL 1998-1 Trust v Rabinowitz*, 7 AD3d 459 [1st Dept 2004]). The claimed discrepancies in the appearance of the recipient and Boucher are both too minor and not substantiated by admissible evidence (*see PNC Bank, N.A. v Bannister,* 161 AD3d 1114, 1116 [2d Dept 2018]; *cf. Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2d Dept 2013]). In any event, as Boucher is not the obligor under the note or the mortgagor, she is neither a necessary nor even a permissive party to this proceeding (*see* RPAPL §1311 and §1313; *Polish Nat. Alliance of Brooklyn, USA v White Eagle Hall Co., Inc.*, 98 AD2d 400, 406 [2d Dept 1983]; *see also 517-525 W. 45 LLC v Avrahami*, 202 AD3d 611, 612 [1st Dept 2022]).

As to Business, the mortgagor and obligor, Plaintiff filed an affidavit of service, dated February 12, 2024, wherein the process server averred that on that date he served, among other things, a summons and verified complaint, by delivering it to an authorized agent of the New York State Secretary of State. This affidavit is sufficient on its face to establish a presumption of proper service on Business pursuant to LLCL §303 (*see eg Residential Bd. of Managers v Rockrose Dev. Corp.*, 17 AD3d 194 [1st Dept 2005]).

In response, Defendants' assertion that Business' address on file with the Secretary of State was incorrect does not defeat service. The naked assertion that no mailing from the Secretary of State was ever received is insufficient to rebut the presumption of regularity of the mails (*see City of New York v Melamed (In Rem Tax Foreclosure Action No. 47)*, 19 AD3d 547, 548 [2d Dept 2005]). Further, Defendants' claim the address on file with the Secretary of State was incorrect does not defeat service as it was Business' obligation to keep its address for service of process updated (*see Salish Lodge LLC v Gift Mgt. Inc.*, 192 AD3d 410, 411 [1st Dept 2021]; *Fisher v Lewis Constr. NYC Inc.,* 179 AD3d 407 [1st Dept 2020]). Boucher's claim that her attempt to update Business' address with the Secretary of State were defeated by a bounced check is unavailing as it uncorroborated by any documentation.

Business also seeks to vacate its default under CPLR §317 which provides that if a non-appearing defendant was not personally served, it may still defend the action within one year after it learns of the default judgment upon the Court finding that it "did not personally receive notice of the summons in time to defend and has a meritorious defense" (*see* CPLR §317; *Wilson v Kore Method on Gansevoort LLC*, 180 AD3d 486 [1st Dept 2020]; *Simon & Schuster v Howe,* 105 AD2d 604, 605 [1st Dept 1984]). Movant is correct that service on a Defendant pursuant to LLCL §303 does not constitute personal delivery within the meaning of CPLR §317 (*see eg Figueroa v Relgold*, 178 AD3d 425, 426 [1st Dept 2019]). However, "[t]he mere denial of receipt of the summons and complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317" (*Goldfarb v Zhukov*, 145 AD3d 757, 758 [2d Dept 2016]). Here, Business' claim of lack of notice of the proceeding constitutes nothing more than a denial of receipt of the pleadings. Likewise, that assertion is unpersuasive given that there were multiple prior actions to foreclose on this property.

25-12401-pb    Doc 14-3    Filed 12/17/25    Entered 12/17/25 14:56:56    Exhibit C -
June 24   2025 Order    Pg 6 of 6

To the extent Defendants seek a discretionary vacatur of their default under CPLR §5015[a][1], that branch of the motion fails as the proffered excuse in this regard constituted noting more than "mere neglect [which] is not a reasonable excuse" (*OneWest Bank, FSB v Singer*, 153 AD3d 714 [2d Dept 2017]). Absent a reasonable excuse, the Court need not determine whether Business has presented a meritorious defense to the action (*see Pina v Jobar U.S.A. LLC*, 104 AD3d 544, 545 [1st Dept 2013]).

Nevertheless, as Boucher has demonstrated that the premises, a multiple dwelling, contains her residential apartment, the Court will cancel the sale.

Accordingly, it is

ORDERED the branches of the motion to vacate the Defendants' defaults are denied, but that branch for injunctive relief is granted only to the extent that the sale scheduled for June 25, 2025, is cancelled, and it is

ORDERED that Plaintiff may re-notice the sale *forthwith* and the time to conduct same is extended for 180 days from the date of this order, and it is

ORDERED that **PRIOR** to scheduling publication, Plaintiff shall contact the auction part clerk at **sfc-foreclosures@nycourts.gov** and obtain consent to place the matter on the auction calendar and, thereafter, Plaintiff shall upload the notice of sale to NYSCEF at least 21 days before the sale and the Referee. IF THE AUCTION IS NOT ON THE CALENDAR, then *the auction will not go forward*; and it is further

ORDERED that no further application whatsoever by the Defendants for a stay of the sale in this matter will be entertained.

| 6/24/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **FRANCIS A. KAHN, III, A.J.S.C.** | |

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [ ] GRANTED | [ ] DENIED | [X] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |